UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re EAST COAST BROKERS &**
**PACKERS, INC., et al.,**

    **Debtors.**                                    Bankr. Case No.: 8:13-bk-2894-KRM
_____/

**GERARD A. McHALE, as Chapter 11**
**Trustee of EAST COAST BROKERS &**
**PACKERS, Inc.,**

    **Plaintiff,**

                                                   Case No.:  8:15-cv-824-T-EAK
**v.**
                                                   Adv. Pro.: 8:15-ap-215-KRM

**CURRY LAW GROUP, P.A.**

    **Defendant.**
_____/

## ORDER

This cause is before the Court on Defendant's Motions to Withdraw the Reference, Dismiss Adversary Complaint, and Declaration of Non-Core Proceeding (Dkt. 1), and Plaintiff's response (Dkt. 2).  Upon consideration, the motion is DENIED for the reasons set out below.

**I.    BACKGROUND**

Debtor East Coast Brokers & Packers, Inc. filed a voluntary petition for relief under Chapter 11 on March 6, 2013.  Trustee Gerard McHale, Jr. filed an adversary action against Curry Law Group, P.A. ("Curry Law") for avoidance of alleged fraudulent transfers under 11 U.S.C. § 544(b) and Florida Statutes sections 726.105 and 726.106, and for recovery of the avoided transfers under 11 U.S.C. § 550. Curry Law requests that reference to the bankruptcy court be withdrawn and that

the adversary complaint be dismissed for failure to state a claim.

## II.    STANDARD OF REVIEW

While district courts have original jurisdiction over bankruptcy cases, the Middle District of Florida has adopted a standing order referring these cases to bankruptcy courts. 28 U.S.C. § 157(a); 28 U.S.C. § 1334(b). Under 28 U.S.C. §157(d), a "district court may withdraw [an adversary proceeding] . . . for cause shown." In determining whether cause exists, factors to consider include (1) "advancing uniformity in bankruptcy administration," (2) "decreasing forum shopping and confusion," (3) "promoting the economical use of the parties' resources," and (4) "facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000). Also, "[o]ther courts have considered additional factors including: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Hvide Marine Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000) (Lazzara, J.) (quotation marks omitted).[1]

## III.   DISCUSSION

Curry Law argues that its right to a jury trial, preserving judicial economy, and promoting the economical use of the parties' resources support withdrawing reference. At this time, they do not.

Although Curry Law may be entitled to a trial in the district court, "it does not follow that the case must immediately be withdrawn from the bankruptcy court." *In re Stone*, No. 8:10-cv-2517-T-27, 2010 U.S. Dist. LEXIS 133774, at *3-4 (Whittemore, J.). Indeed, the bankruptcy court may dispose of all pretrial matters, and doing so "promote[s] judicial economy and efficiency." *Id*. at *4 (quoting *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007)). *See In re Fundamental Long Term Care*, 2014 U.S. Dist LEXIS 125837, at *7 (finding bankruptcy court

---

[1] Curry Law's request is treated as one for permissive withdrawal as Curry Law does not make any argument that mandatory withdrawal is required.

could handle all pretrial matters despite jury trial demand); *In re Gunnallen Financial Inc.*, No. 8:10-cv-2855-T-24, 2011 U.S. Dist. LEXIS 14997 (M.D. Fla. Feb. 3, 2011), at *11-12 (same); *In re Ausburn*, No. 8:10-cv-2601-T-23, 2010 U.S. Dist. LEXIS 134536 (M.D. Fla. Dec. 10, 2010), at *5-6 (same). This factor does not, therefore, weigh in favor or withdrawing reference at this time.

Curry Law next argues that the fraudulent transfer claims are non-core claims over which the bankruptcy court has no authority to enter a final judgment. As such, withdrawing reference would promote judicial economy and the use of the parties' resources. The determination of whether a matter is core or non-core should initially be made by the bankruptcy court. *In re Stone*, 2010 U.S. Dist. LEXIS 133774, at *4 (citing *In re Hvide Marine Inc.*, 248 B.R. 841, 845 n.5, (M.D. Fla. 2000)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under [T]itle 11."). Neither party has argued that the bankruptcy court has made a determination regarding whether the adversary proceeding at issue is a core or non-core proceeding, and this Court is not inclined to make that determination.

Moreover, Curry Law's judicial economy and resources argument is unpersuasive because conducting pretrial matters in the same court as the debtor's estate "is a much more efficient use of judicial resources, as opposed to . . . pitting the case against the competing criminal and civil litigation demands of the district court's docket." *In re Stone*, at *6. Further, eventual *de novo* review does not extinguish the role of the bankruptcy court. "If accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal." *In re Fundamental Long Term Care*, 2014 U.S. Dist. LEXIS 125837, at *6 (quoting *In re Tate*, No. 09-0039-WS-M, 2010 U.S.

Dist. LEXIS 3675 (S.D. Ala. Jan. 19, 2010), at *10).  Accordingly, is it

**ORDERED** that the Defendant's Motions to Withdraw the Reference, Dismiss Adversary Complaint, and Declaration of Non-Core Proceeding (Dkt. 1) is **DENIED without prejudice**.[2] Defendant may refile a similar motion once the case is ready for trial. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 21st day of May, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[2] Because reference is not being withdrawn, Curry Law's Rule 12(b)(6) motion to dismiss is not addressed.